United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30264
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHARONDA D. GILLARD,
also known as Sealed Defendant #2,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 02-CR-98-2
---------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Sharonda D. Gillard appeals her jury convictions and concurrent 97-month sentences for conspiracy to possess with intent to distribute cocaine base and distribution of cocaine base. Gillard contends that the district court erred when it denied her motions for a judgment of acquittal. She asserts that the evidence was not sufficient to establish that she had the requisite criminal knowledge and intent.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review de novo the district court's denial of a judgment of acquittal and apply the same standard as in a general review of the sufficiency of the evidence. See United States v. Payne, 99 F.3d 1273, 1278 (5th Cir. 1996). We must determine "whether viewing the evidence and the inferences therefrom 'in a light most favorable to the jury's guilty verdicts, a rational trier of fact could have found [Gillard] guilty beyond a reasonable doubt.'" Id. (citation omitted).

The evidence established that Gillard distributed crack cocaine to a confidential informant and an undercover Drug Enforcement Agent. The evidence proved Gillard's knowledge of the offenses, her intent to participate in the conspiracy, and that Gillard committed acts in furtherance of the conspiracy. Because the evidence of Gillard's guilt was sufficient, the district court did not err in denying a judgment of acquittal. See id.

Gillard challenges the district court's refusal to instruct the jury on the defenses of entrapment and duress. We review de novo the district court's refusal to provide a requested jury instruction. United States v. Gutierrez, 343 F.3d 415, 419 (5th Cir. 2003).

To be entitled to an entrapment instruction, a defendant must produce evidence of (1) a "'lack of predisposition to commit the offense and (2) some governmental involvement and inducement more substantial than simply providing an opportunity or

facilities to commit the offense.'" Id. The critical inquiry is whether the criminal intent originally resided in the defendant or whether the Government planted the seed of criminality. Id.

Gillard's testimony demonstrated her predisposition to act in concert with her co-defendant to distribute crack cocaine so that she could obtain crack cocaine for her own use. Gillard does not argue that she lacked the predisposition to commit the offenses on May 30, 2002, the date that the drug transaction occurred. The evidence shows that Gillard committed the offenses without provocation from the Government. Gillard has not shown that she was entitled to an entrapment instruction. See Gutierrez, 343 F.3d at 419.

Gillard asserts that the jury should have been instructed on the defense of duress; she argues that the jury should have been allowed to decide whether, in light of her desperate situation, her conduct was reasonable and whether she had a reasonable alternative to the illegal acts. Gillard did not produce evidence that when she committed the offenses, she was under an imminent and impending threat of serious injury or death, nor did she provide proof that she did not negligently place herself in the situation and that she had no reasonable alternative to violating the law. See United States v. Posada-Rios, 158 F.3d 832, 873 (5th Cir. 1998). Accordingly, Gillard did not make the showing that is required to obtain an instruction on duress. Id. at 874.

Gillard asserts that the district court erred when it denied her motion for a mistrial after prejudicial audio-taped evidence was presented to the jury during deliberations. Gillard has not shown that, viewed in light of the entire record, the objectionable evidence had an impact on the jury and was prejudicial. United States v. Honer, 225 F.3d 549, 555 (5th Cir. 2000). Accordingly, Gillard has not shown that the district court abused its discretion. Id.

Gillard asserts that the district court clearly erred by denying a reduction under U.S.S.G. § 3B1.2 for her minor role in the offenses. We review the district court's finding on a defendant's role in an offense for clear error. United States v. Deavours, 219 F.3d 400, 404 (5th Cir. 2000).

The evidence established that Gillard was as culpable as the others who were involved in the offenses. Gillard has not shown that the district court's decision to deny the reduction was clearly erroneous. Id.

Finally, as Gillard concedes, her argument that her sentence was imposed in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 124 S. Ct. 2531, 2537 (2004), is foreclosed by circuit precedent. United States v. Pineiro, 377 F.3d 464, 465-66 (5th Cir. 2004), petition for cert. filed, (U.S. July 14, 2004) (No. 04-5263). The judgment of the district court is AFFIRMED.

We, however, REMAND to the district court with an instruction to correct a clerical error in the judgment pursuant to FED. R. CRIM. P. 36 to reflect that Gillard was convicted in Count One of conspiracy to possess with intent to distribute cocaine base.

AFFIRMED and REMANDED with instruction.